**American Federation of State, County & Municipal Employees, AFL-CIO**
125 BARCLAY STREET • NEW YORK, NY 10007-2179

**District Council 37**
**AFSCME AFL-CIO**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/05/2014

**LEGAL DEPARTMENT**
Telephone: 212-815-1450
Fax: 212-815-1440

ROBIN ROACH
*General Counsel*

STEVEN E. SYKES
*Associate General Counsel*

*Assistant General Counsel*
Alan M. Brown
Thomas Cooke
Jesse Gribben
Dena Klein
Erica Gray-Nelson
Meaghean Murphy
Ximena Castro
Aaron S. Amaral
Deena S. Mikhail

September 3, 2014

VIA ELECTRONIC FILING
Hon. Jesse M Furman
Thurgood Marshall
United States Courthouse
Room 1105
40 Foley Square
New York, NY 10007

Re:   Aidan Doyle, Michael Smith, and William Paybarah vs. City of New York
      Docket No. 14-CV-2831 (JMF) (FM)

Honorable Judge Furman:

I write on behalf of District Council 37, AFSCME, AFL-CIO ("DC37" or "the Union"), an amalgam of 53 local unions representing approximately 121,000 public employees in various agencies, authorities, boards and corporations throughout the City of New York. The Union seeks leave of the Court to file an *amicus curiae* brief in support of Plaintiff's opposition to the Motion to Dismiss, in the above-referenced matter. A grant of leave to file such a brief is in the firm discretion of the Court, and the Union only offers to provide its perspective in aid of the Court insofar as it can provide substantive insights not otherwise available by either party to these proceedings.

The Union is the duly certified collective bargaining representative for public employees of the New York City Department of Parks and Recreation ("Parks Department"), in the titles of Associate Park Service Worker, City Park Worker, City Seasonal Aide, Job Training Participant, Park Supervisor, Principal Park Supervisor, among others. As such, the Union can offer the Court a unique perspective on the character of the work performed by individuals working at the Parks Department (and other City agencies), pursuant to the New York Criminal Procedure Law Section 170.55, as a condition of an "adjournment in contemplation of Dismissal" ("ACD") of pending criminal charges (referred to hereinafter as "ACD workers").



A Seventh Circuit litmus test has recently been adopted within the Southern District of New York, for when an *amicus* brief is useful.

> An *amicus* brief should normally be allowed when a party is not represented competently or is not represented at all, when the *amicus* has an interest in some other case that may be affected by the decision in the present case ... or when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide. Otherwise, leave to file an *amicus curiae* brief should be denied.

*Southern District of New York in Lehman XS Trust, et al. v. Greenpoint Mortgage Funding, Inc.*, Consolidated Actions Nos. 12 Civ 7925, 12 Civ. 7942, 12 Civ 7943 (January 23, 2014) *citing to Ryan v. Commodity Futures Trading Comm'n,* 125 F.3d1062, 1063 (7th Cir.1997)).[1]

At a minimum, the Union strongly believes it can provide "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Id.* The ACD workers generally are assigned to blue collar work at mayoral agencies of the City of New York, including at the Parks Department and the New York City Department of Transportation. In both of these agencies, DC37 represents the blue collar employees working side by side with the ACD workers. The Union also represents the immediate supervisors of these workers, including those who act as the on the ground supervisors for the ACD workers.

Accordingly, the Union can provide information and perspective on the character and scope of the work provided by the ACD workers, as *it is the exact same work in which unionized titles are regularly engaged.* Insofar as the work of the ACD workers is also supervised and directed by DC37 members, the Union has familiarity with how work is assigned, the role of the ACD workers and their relationship to the agency's functioning. The Union can speak to the fact that this work should not be categorized as, in any way, "voluntary." Furthermore, as DC37 members supervise many City employees in the "Welfare to Work" program, which has been raised in the instant motion as most strongly analogous to the position occupied by the Plaintiffs and ACD workers generally, the Union can speak directly to the nature of that employment relationship.

In the alternative, the Union urges the Court to permit the filing of an *amicus curiae* brief under the first standard articulated by the Seventh Circuit. The Court held that "[a]n *amicus* brief should normally be allowed…when the *amicus* has an interest in some other case that may be affected by the decision in the present case." *Id.* Both the issue and the outcome of this case are those that are of regular and on-going concern to DC37. The Union is engaged in litigation, in a variety of fora, against the City of New York, regarding diminution of the scope of the work of a collective bargaining unit, and/or displacement by non-union workers. For example, DC37 is currently seeking to enforce an arbitration award regarding the adverse impact of contract engineers at the Department of Design and Construction ("DDC"). *Lillian Roberts, District*

---

[1] A courtesy copy has been attached hereto.

2

*Council 37, AFSCME, AFL-CIO, Local 375, and Claude Forte v. The City of New York, Bill De Blasio, and The New York City Department of Design and Construction et al.,* Supreme Court, New York County, Index No. 651785-2014 (June 12, 2014). Parallel litigation involving displacement of Union workers by these same contract engineers at DDC is also pending before the Board of Collective Bargaining. New York City Office of Collective Bargaining, Board of Collective Bargaining, docketed as BCB-3042-12. Similarly, the Union is actively engaged in arbitration concerning the impact of so-called "temporary workers" on the integrity of the bargaining units at the Department of Education, the Health and Hospitals Corporation, and the Human Resources Administration, among other agencies.

In an issue which could be most particularly affected by findings in this case, the Union is researching possible legal action concerning the displacement of workers at the Parks Department by "community service workers", not as ACD workers, but rather as a result of a criminal court plea of conditional discharge. Unlike the labor of the ACD workers, labor required as part of a conditional discharge is statutorily barred from "displac[ing]...employed workers or...impair[ing]...existing contracts", New York Penal Law 65.10(2)(h), a prohibition that appears to be routinely and demonstrably violated.

Any ruling which addresses the nature of the work performed by ACD workers, given that their duties are identical with some unionized titles, is of interest and concern to the Union. Likewise, any ruling which may collaterally impact how "community service" work generally (i.e. both ACD workers and those assigned to work based on pleas of conditional discharge) is categorized, is also of interest and concern to the Union. In particular, insofar as this Court may rule on the issue of whether or not Plaintiffs in this case were employees or "volunteers", DC37 has an interest in the outcome of the pending motion and seeks to offer its support for the categorization of Plaintiffs, and those similarly situated, as employees.

It is on these bases that the Union respectfully seeks leave to file an *amicus curiae* in support of Plaintiffs' opposition to the pending Motion to Dismiss. Since the Union has no desire to unduly delay a decision of this Court in this matter, should the Court grant leave to file an *amicus curiae* brief, the Union seeks two weeks from the date of the grant of leave to file.

Very Truly Yours,

Robin Roach (RR # 1809)

Cc:   Andrew Stoll, Esq.
      Stoll, Glickman, Bellina, LLP
      Attorney for Plaintiff
      475 Atlantic Avenue
      Brooklyn, New York 11217

3

Zachary W. Carter
Corporation Counsel of the City of New York
Attorney for Defendant
100 Church Street
New York, N.Y. 10007
Kathryn Martin, Of Counsel

Application DENIED.  Had counsel sought leave to file an amicus brief at or about the time that Plaintiffs' filed their opposition, allowing Defendant to respond in its reply, the Court might have been inclined to grant leave.  But given that the motion is now fully briefed, granting leave risks unduly delaying resolution of the dispute.  Moreover, the issue at this stage of the case is the legal sufficiency of the allegations set forth in the Complaint, and the Court cannot look beyond the Complaint (and a limited set of other materials), which must be taken as true.  To the extent that proposed Amici rely on facts outside the Complaint or have legal issues with the City of their own, granting leave would not help the Court in resolving the motion.  If or when the case reaches the summary judgment stage or trial, counsel may reapply for leave to file an amicus brief (at or about the same time as Plaintiffs).

SO ORDERED.

September 5, 2014